**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MANOOCHEHR PARHAM,** | § | |
| | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **Civil Action No. 3:26-cv-1995-O** |
| | § | |
| **WARDEN PRAIRIELAND DETENTION CENTER,** | § | |
| | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Manoochehr Parham's *pro se* habeas petition under 28 U.S.C. § 2241. Doc. 3. Based on a careful review of the pleadings and applicable law, the Court **GRANTS** the petition and **ORDERS** Respondent to release Petitioner from the Prairieland Detention Center on an order of supervision.

**BACKGROUND**

Petitioner—an Iranian citizen—is subject to a removal order that became administratively final on April 29, 2004. *Id.* at 2. Immigration and Customs Enforcement (ICE) took him into custody on December 10, 2025, to carry out his removal, but, to date, he has not been removed. *Id.*

On June 16, 2026, Petitioner filed a habeas petition under 28 U.S.C. § 2241 challenging his immigration detention. He alleges that his detention pending removal now exceeds the presumptively reasonable period set out in *Zadvydas v. Davis*, 533 U.S. 678 (2001) and is unconstitutionally prolonged. *Id.* at 6. He alleges that his removal "is not significantly likely in the reasonably foreseeable future" because there "are no diplomatic relations between the United States and Iran, and ICE has been unable to obtain the documents necessary for removal" despite

Petitioner's full cooperation. *Id.* He alleges that "ongoing instability and lack coordination make removal not reasonably foreseeable." *Id.* He seeks release from custody under an order of supervision. *Id.* at 7.

Respondent states that ICE requested a travel document for Petitioner shortly after he was detained in 2025, but "the situation with Iran has changed, and it appears that no action has been taken on the travel document request." Doc. 7 at 2. Respondent concedes that "[u]nder these circumstances, given the recent hostilities with Iran, the government is not able to provide the Court with evidence showing any significant likelihood of Petitioner's removal in the reasonably foreseeable future." *Id.*

**LEGAL STANDARDS AND ANALYSIS**

The detention, release, and removal of aliens subject to final removal orders are governed by 8 U.S.C. § 1231. Although § 1231(a)(6) permits the continued detention of inadmissible aliens beyond the 90-day removal period, it says nothing about how long that detention may continue. In *Zadvydas*, the Supreme Court held that detention under § 1231(a)(6) may not continue indefinitely and that six months is a presumptively reasonable period of detention to secure an alien's removal from the United States. *Zadvydas*, 533 U.S. at 700-01. After the six-month period of detention expires, the alien need only provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. If the alien does so, the burden shifts to the Government to "respond with evidence sufficient to rebut that showing." *Id.*

Petitioner has been detained over six months, so his confinement is no longer presumptively reasonable, and the Court turns to *Zadvydas's* burden-shifting framework. Petitioner bears the initial burden of showing that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Petitioner must present

something beyond "speculation and conjecture." *Idowu v. Ridge*, No. 3:03-CV-1292, 2003 WL 21805198, at *4 (N.D. Tex. Aug. 4, 2003) (Ramirez, J.). "To shift the burden to the government, petitioner must demonstrate that 'the circumstances of his status' or the existence of 'particular individual barriers to repatriation' to his country of origin are such that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* (citation omitted).

Here, Petitioner notes that there are no diplomatic relations between the United States and Iran and that ICE—in the more than six-month-period that he has been detained—has been unable to obtain travel documents for him despite his full cooperation. Doc. 3 at 6. These allegations are enough to meet Petitioner's initial burden. They are not conclusory. He has identified "particular individual barriers" to his removal to Iran sufficient to show that there is no significant likelihood of removal in the reasonably foreseeable future. *See*, *e.g.*, *Erfan Rahimzadeh v. Kristi Noem, et al.*, No. 5:26-CV-00154, 2026 WL 2392781, at * 4 (S.D. Tex. June 11, 2026) (finding that the Iranian petitioner met his *Zadvydas* burden by highlighting "the unanswered request for travel documents to Iran and the current conflict and breakdown of diplomatic relations between Iran and the United States"), *rec. accepted* 2026 WL 1990775 (S.D. Tex. July 9, 2026).

The burden shifts to Respondent to rebut Petitioner's showing. Respondent candidly admits that it cannot rebut Petitioner' showing, conceding that "[u]nder these circumstances, and given the recent hostilities with Iran, the government is not able to provide the Court with evidence showing any significant likelihood of Petitioner's removal in the reasonably foreseeable future." Doc. 7 at 2. And Respondent does not argue that Petitioner should remain detained despite the inability to remove him. Thus, Petitioner's confinement is no longer lawful, and he will be released on an order of supervision. *See, e.g.*, *N.M. v. Warden, Prairieland Det. Ctr.*, No. 3:26-CV-00845-X-BK, (N.D. Tex. July 20, 2026) (awarding habeas relief when the respondent conceded that there

have been no new developments regarding third-country removal and that, although efforts continue, "at this point the government cannot say that a likelihood of Petitioner's removal in the reasonably foreseeable future in fact exists") (Starr, J., accepting rec. of Toliver, J.); *Erfan Fard v. Josh Johnson, et al.*, No. 4:26-CV-00047-O (granting habeas petition when Respondents admitted "that they are currently unable to demonstrate a significant likelihood that Petitioner's removal can be effected in the reasonably foreseeable future") (O'Connor, CJ.); *Yaghoubi Yeganeh v. Warden Bluebonnet Det. Facility*, No. 1:25-CV-121-H, 2025 WL 4722526, at *5 (N.D. Tex. Dec. 15, 2025) (Hendrix, J.) (ordering the release of a detainee because the respondents could not provide "a clear assessment of the likelihood of removal in the reasonably foreseeable future") (cleaned up).

## CONCLUSION

It is therefore **ORDERED** that Petitioner Manoochehr Parham's habeas petition is **GRANTED**. Respondent is **ORDERED** to release Manoochehr Parham from the Prairieland Detention Center on an order of supervision. *See* 8 U.S.C. § 1231(a)(3). Upon Manoochehr Parham's release, Respondent is **ORDERED** to file a written notice on the docket notifying the parties and the Court.

**SO ORDERED** on this **25th day** of **August, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE